**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4600**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARLOS PERRY,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, District Judge.  (1:14-cr-00003-JPJ-PMS-1)

———————

Submitted:  February 18, 2015      Decided:  March 4, 2015

———————

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Dana R. Cormier, DANA R. CORMIER, PLC, Staunton, Virginia, for Appellant.   Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Perry seeks to appeal his conviction and sentence. In criminal cases, the defendant must file the notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). Although the time limitations imposed by Rule 4(b) are not jurisdictional, they "must be enforced by th[e] court when properly invoked by the government." United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008). If the government notes its objection for the first time in its merits brief to the appellate court or earlier in the proceedings, the objection is considered properly invoked. United States v. Watson, 623 F.3d 542, 546 (8th Cir. 2010).

Here, the district court entered judgment on May 16, 2014. Perry filed his notice of appeal on July 25, 2014.[1] The government properly invoked its objection to Perry's late filing by stating the objection in its brief to this court. Because

---

[1] Perry included a certificate of service with his notice of appeal stating that he deposited the documents in the prison mailing system on July 25, 2014. Under the "prison mailbox rule," July 25 is considered the date of filing. Houston v. Lack, 487 U.S. 266, 276 (1988).

Perry did not file a notice of appeal that was timely or within the time period during which the district court had the authority to extend the appeal period, Fed. R. App. P. 4(b)(4),[2] and the government validly objected, we dismiss Perry's appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[2] We do not consider the propriety of the district court's denial of Perry's pro se motion to extend the time for filing a notice of appeal, because Perry did not file a notice of appeal of that order.