**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-6553**

---

GARY WALL,

      Plaintiff - Appellant,

v.

E. RASNICK, Correctional Officer of R.O.S.P.; J. HICKS, Correctional Officer of R.O.S.P.; E. HESS, Correctional Officer of R.O.S.P.; C. HOLBROOK, Correctional Officer of R.O.S.P.; T. LARGE, Sergeant of R.O.S.P.; J. LYALL, Lieutenant of R.O.S.P.; C. DOCKERY, Correctional Officer of R.O.S.P.; E. GWINN, Correctional Officer of R.O.S.P.; A. MULLINS, Correctional Officer of R.O.S.P.; J. TESTERMAN, Correctional Officer of R.O.S.P.; M. ADDINGTON, Correctional Officer of R.O.S.P.; L. BRYANT, Correctional Officer of R.O.S.P.; C. BISHOP, Correctional Officer of R.O.S.P.; B. AKERS, Correctional Officer of R.O.S.P.; S. TAYLOR, Correctional Officer of R.O.S.P.; L. COLLINS, Lieutenant of R.O.S.P.; D. STILL, Captain of R.O.S.P.; J. DEEL, Nurse of R.O.S.P.; E. BARKSDALE, Warden of R.O.S.P.; B. HUGHES, Lieutenant of W.R.S.P.; K. MCCOY, Lieutenant of W.R.S.P.; W. CHURCH, Lieutenant of W.R.S.P.; O. ROSE, Counselor of W.R.S.P.; C. FRANKS, Inmate Hearings Officer of W.R.S.P.; W. HENSLEY, Inmate Hearings Officer of W.R.S.P.; L. FLEMING, Warden of W.R.S.P.; H. PONTON, Western Regional Administrator; H. CLARKE, Director of VADOC,

      Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Thomas T. Cullen, District Judge.  (7:17-cv-00385-TTC-PMS)

---

Argued:  May 3, 2022                                     Decided:  July 25, 2022

---

Before KING and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————————

Vacated and remanded with instructions by published opinion. Judge Wynn wrote the opinion, in which Judge King and Senior Judge Floyd concurred.

———————————————

**ARGUED:** Joshua David Marcin, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Margaret Hoehl O'Shea, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees. **ON BRIEF:** Erica Hashimoto, Director, Dylan McDevitt, Student Counsel, Sana Mesiya, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Jason S. Miyares, Attorney General, Charles H. Slemp, III, Chief Deputy Attorney General, M. Nicole Wittmann, Deputy Attorney General, Andrew N. Ferguson, Solicitor General, Kevin M. Gallagher, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

———————————————

2

WYNN, Circuit Judge:

In this appeal, prisoner Gary Wall raises constitutional and state-law claims against numerous prison officials arising from a physical altercation at Red Onion State Prison in Virginia. As part of his evidentiary showing, Wall repeatedly sought production of videos recording the encounter. When he learned that some of the videos were not preserved, Wall moved for spoliation sanctions.

After an evidentiary hearing, the magistrate judge denied Wall's spoliation motion and recommended entering judgment against him on all claims and counterclaims. The district court substantially adopted the magistrate judge's recommendations without explicitly addressing Wall's objections to the order denying spoliation sanctions. We hold that the district court abused its discretion by implicitly overruling Wall's spoliation objections when several critical issues were left unresolved by the magistrate judge.[1]

I.

In reviewing nondispositive written orders issued by a magistrate judge, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Both parties categorize the magistrate judge's denial of Wall's motion for spoliation sanctions as a nondispositive motion under Rule 72(a). We review the district court's ruling on spoliation issues for an abuse of discretion. *Turner v. United States*, 736 F.3d 274, 281–82 (4th Cir. 2013) (citing

---

[1] Because we vacate the district court's order and remand for the district court to conduct a full hearing on Wall's spoliation motion and objections without reaching the other issues in this matter, we do not make a full recitation of the facts in this matter.

*Cole v. Keller Indus.*, 132 F.3d 1044, 1046–47 (4th Cir. 1998)).

Here, however, the district court did not explicitly rule on Wall's objections to the magistrate judge's order denying spoliation sanctions. Fed. R. Civ. P. 72(a) (stating that "[t]he district judge in the case *must* consider timely objections" to the magistrate judge's order on a nondispositive matter (emphasis added)). Despite this failure, Defendants contend that the district court did not abuse its discretion for two primary reasons. First, Defendants assert that Wall's objections to the order were not properly preserved, either because the objections were not properly before the district court, or because Wall did not file a post-judgment motion. Second, they suggest that, even if Wall's spoliation objections were preserved, we may read the district court's order to implicitly overrule those objections. This implicit decision, Defendants insist, is not an abuse of discretion based on the record before the district court. We consider these arguments in turn.

A.

Defendants first assert that the district court was not required to rule on Wall's objections to the magistrate judge's order because those objections were neither timely nor sufficiently specific. Alternatively, they claim that Wall failed to file a post-judgment motion preserving his argument with the district court, thus waiving any right to appeal. We disagree on all counts.

1.

The magistrate judge's order denying spoliation sanctions was issued on May 13, 2019. Generally, parties have fourteen days after being served with a copy of the magistrate judge's order to file objections. Fed. R. Civ. P. 72(a). Since the magistrate judge's order

4

was served on Wall by mail, however, Federal Rule of Civil Procedure 6(d) extended the deadline by three days. Fed. R. Civ. P. 6(d). Accordingly, the deadline for Wall to file objections was May 30, 2019.

Wall's handwritten objections included a certificate of service dated May 27, 2019, and they were received by the prison mailroom on May 29, 2019, for mailing to the court. Thus, by either date, Wall's filing objecting to the magistrate judge's denial of his motion for spoliation sanctions was timely. *See United States v. Perry*, 595 F. App'x 252, 252 n.1 (4th Cir. 2015) (per curiam) (taking the date of a certificate of service included in a filing mailed from prison as the proper filing date); *Houston v. Lack*, 487 U.S. 266, 270–76 (1988) (holding that notices by imprisoned pro se litigants should be understood as filed when delivered to prison officials and noting that the date may be discerned by reference to prison mail logs); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735–36 (4th Cir. 1991) (stating that "filing occurs when the [imprisoned] petitioner delivers his pleading to prison authorities for forwarding to the court clerk").

2.

Defendants counter that Wall's objections, even if timely, were insufficiently specific "to alert the district court of the true ground for the objection." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, "when confronted with the objection of a pro se litigant, we must also be mindful of our responsibility to construe pro se filings liberally." *Id.* In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority. *E.g.*, *Castro v. United*

5

*States*, 540 U.S. 375, 381–82 (2003) (explaining that federal courts sometimes "ignore the legal label that a *pro se* litigant attaches to a motion" for various reasons, such as "to avoid inappropriately stringent application of formal labeling requirements"); *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 534 (4th Cir. 2022) ("[W]e liberally construe complaints even where pro se plaintiffs do not reference any source of law." (cleaned up) (quoting *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 n.4 (4th Cir. 2017))).

Fairly and liberally construed, Wall's pro se objections should have alerted the district court that he opposed the denial of his motion for spoilation sanctions and sought the district court's review of the decision. Although the subject line of Wall's objections reads "Plaintiff's Objections in Accordance with Fed. R. Civ. P. Rule 72 . . . [to the] Magistrate Judge['s] Proposed Findings of Fact [and] Conclusion of Law in Report [and] Recommendations," a separate section within the same document is labeled "Plaintiff Also Object[s] to Denial of ECF No. 75 & 77, Motions for Appellate Review."[2] J.A. 1292, 1296.[3] Electronic Case File ("ECF") No. 77 was Wall's motion for spoilation sanctions.[4]

---

[2] Even though this section label includes the words "Motions for Appellate Review," the district court should have recognized that Wall was raising the issue for the district court's consideration of the magistrate judge's recommendation. *See Morton v. N.C. Att'y Gen.*, 165 F.3d 19 (4th Cir. 1998) (unpublished table decision) (per curiam) (concluding that the district court should have considered a filing titled "Interlocutory Appeal" that was directed to the district court and sought review of the magistrate judge's order as a timely objection to the magistrate judge's order).

[3] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

[4] ECF No. 75 was Wall's motion for sanctions based on Defendants failure to comply with the magistrate judge's order to compel production of certain evidence, including the unpreserved videos.

J.A. 1296–97. In that section, Wall clearly objected to the denial of the sanctions motion, noting that he had requested "'specific' video footage," thus "triggering a duty to preserve according to [the Department of Corrections'] policy." J.A. 1297. In support of his claims, Wall cited his informal complaint and regular grievance requesting the unpreserved videos and attached a copy of the Department of Corrections' policy requiring retention of requested video. *See Martin*, 858 F.3d at 245–46 (considering both a pro se plaintiff's written objections to a magistrate judge's report as well as a corresponding attachment when determining whether the district court was "sufficiently alerted").

We therefore hold that Wall's objection to the magistrate judge's order was properly before the district court.

3.

Defendants further contend that even if Wall's objection to the magistrate judge's order was properly made, he cannot pursue the issue on appeal because he neglected to alert the district court to its failure to consider that objection. We disagree.

Relying on *Malbon v. Pennsylvania Millers Mutual Insurance Co.*, 636 F.2d 936 (4th Cir. 1980), Defendants assert that Wall needed to file a post-judgment motion for reconsideration *after* the district court issued its opinion largely adopting the magistrate judge's report and recommendation and thus closing the case. They note that, in *Malbon*, we held that "a party has a duty to make clear, after a court's ruling that does not mention a contention . . . , that the party regards the point as still open and undisposed of, and still presses it." Response Br. at 31–32 (quoting *Malbon*, 636 F.2d at 941).

But *Malbon* is not applicable here. In *Malbon*, we found that the plaintiffs failed to

preserve the argument that the trial judge did not rule on an issue in a pretrial order when that order was issued over four months before the trial and the plaintiffs did nothing to seek reconsideration of the supposedly omitted issue until appeal. 636 F.2d at 939–41. Here, by contrast, the district court's failure to mention Wall's relevant objections only became evident in the district court's final order, which Wall promptly appealed. *See Wall v. Rasnick*, No. 7:17CV00385, 2021 WL 1108603, at *3–6 (W.D. Va. Mar. 23, 2021). Defendants do not point to any cases where we required a litigant to file for post-judgment reconsideration to preserve the argument that a *final order* omitted a critical, and properly presented, issue.[5] *Cf. Whittle v. Timesaver, Inc.*, 749 F.2d 1103, 1106 (4th Cir. 1984) ("[B]ecause the district court's opinion did not adequately discuss this issue, we reverse the decision of the district court and remand the case for further proceedings[.]"); *Savoy v. Stroughter*, No. 21-30170, 2022 WL 686324, at *2 (5th Cir. Mar. 8, 2022) (per curiam) (vacating and remanding a case where the district court granted summary judgment without ruling on the plaintiff's Rule 72(a) objections to the magistrate judge's order denying her motion to compel the production of video evidence).

Accordingly, we hold that Wall's spoliation-sanctions objection was properly preserved for appeal.

---

[5] Defendants' reliance on *Skippy, Inc. v. CPC International, Inc.*, 674 F.2d 209 (4th Cir. 1982), is also without merit. In *Skippy*, we reasoned that the plaintiff's "failure to apprise the court that it sought damages for fraudulent inducement" until after trial indicated that "such damages were not contemplated until after trial and that [the plaintiff] raise[d] the cause of action [on appeal] merely to get a new trial." *Id.* at 214–15. That is not the case here.

B.

Second, should we find Wall's objections properly presented and preserved, Defendants suggest that the district court's silence operates as an implicit, and proper, rejection of Wall's objection to the magistrate judge's nondispositive order. We hold that the district court's decision on this matter was an abuse of discretion.

1.

At least two of our sister circuits have adopted the approach that "when a district judge enters an order disposing of a case without expressly ruling on a pending objection filed pursuant to Federal Rule of Civil Procedure 72(a), the judgment entered pursuant to that order functions as a final order overruling the objection." *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007); *e.g.*, *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000) (choosing to "interpret[] the lack of an explicit statement on the part of the district court as a refusal to overrule the magistrate judge's [Rule 72(a)] order"); *cf. United States v. Benenhaley*, 240 F. App'x 581, 582 n* (4th Cir. 2007) (per curiam) ("By omitting [plaintiff's 28 U.S.C. § 2255] claim from its opinion, the district court implicitly rejected it."). And this approach makes sense in a case such as this one, where there can be no dispute that the missing video evidence may have shed further light on the most hotly contested facts. Accordingly, we will treat the district court's entry of judgment against Wall on all claims, relying only on *produced* video evidence, as an implicit denial of his spoliation objections.

2.

That leaves the question of whether the district court abused its discretion when it

9

implicitly considered and upheld the magistrate judge's denial of spoliation sanctions. We hold that it did.

"A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012) (quoting *United States v. Henry*, 673 F.3d 285, 291 (4th Cir. 2012)). The court "*must* . . . modify or set aside any part of the [magistrate judge's nondispositive] order that is clearly erroneous or . . . contrary to law.'" Fed. R. Civ. P. 72(a) (emphasis added). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Blackledge*, 751 F.3d 188, 194 (4th Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012)).

As the district court never mentioned Wall's spoliation motion, objections, or the missing video, we have only the magistrate judge's order for guidance. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1116 (10th Cir. 2004) (noting that while "[i]t is preferable that the district court set forth its reasons for denying a motion that calls for the exercise of its discretion," the appellate court could look to the magistrate judge's reasoning to determine the reasoning behind the denial). But the magistrate judge's order rests on several factual and legal errors.

First, the magistrate judge found that "the video evidence which [Wall] had requested was preserved and presented at trial." J.A. 1223. This factual finding is clearly

10

erroneous. Wall repeatedly sought production of video recordings of the Alpha and Bravo building recreation yards, Bravo building cell 308, and the Bravo building vestibule for pods 1, 2, and 3. This video evidence was not preserved or produced, and Defendants do not seriously contend otherwise. Indeed, at the evidentiary hearing, the magistrate judge noted that "[e]verybody concedes" that some of the requested video "was[] [not] preserved." J.A. 1115.

Defendants contend, however, that the magistrate judge meant only that the video "depicting the altercation and its immediate aftermath" was preserved and presented as requested. Response Br. at 17. They explain that the other video evidence, such as recordings of Wall "being escorted from one housing unit to another," *id.* at 18, was not preserved because, as the magistrate judge found in her order, Wall "did not provide timely specific requests that the defendants preserve [this] additional video," J.A. 1223.

But the magistrate judge's one-page order provides no explanation of how she reached this conclusion. Wall first sought the unpreserved video evidence just *five days* after the altercation—well before the video would be recorded over in the ordinary course of business. Wall indicated the relevant timeframe and referenced the specific camera footage he wanted, which was sufficient to trigger a duty to preserve under the Department of Corrections' own policy. *See* J.A. 116 (stating that "[i]f a grievance is received that references a specific audio or video recording, a copy of the recording *shall be made* and maintained at the facility" and that "[c]opies of . . . video recordings . . . will be maintained at the unit for a minimum of three years following final disposition of the grievance"

11

(emphasis added)). The magistrate judge's order provides no reasoning as to why this request or those that followed were insufficient.[6]

Defendants contend that this finding was *not* erroneous because nothing in the record indicates that any individual Defendant reviewed Wall's informal complaint, regular grievance, or Special Investigations Unit statement. However, the factual record is incomplete precisely because the magistrate judge never conducted a full hearing focused on the spoliation issue. Consequently, the magistrate judge and the district court lacked sufficient information to make reasoned determinations regarding any Defendant's knowledge or duty to preserve evidence, let alone whether the Department of Corrections' knowledge and duty to preserve could properly be imputed to Defendants.[7] The district

_____

[6] The fact a party had an independent obligation to preserve information does not necessarily mean that it had a duty to preserve that material for litigation, but an independent obligation can be relevant to the spoliation analysis. *See* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment (explaining that, "[a]lthough [Rule 37(e)] focuses on the common-law obligation to preserve in the anticipation or conduct of litigation, courts may sometimes consider whether there was an independent requirement that the lost information be preserved," including requirements in a "party's own information-retention protocols," but noting that "[t]he fact that a party had an independent obligation to preserve information does not necessarily mean that it had such a duty with respect to the litigation, and the fact that the party failed to observe some other preservation obligation does not itself prove that its efforts to preserve were not reasonable with respect to a particular case"). An independent obligation can be one part of an analysis of the alleged spoliator's mental state—if something irregular or counter to policy or custom occurred, that is relevant to the analysis of why the alleged spoliator acted to destroy evidence or failed to act to preserve it. *See ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1308–09 (11th Cir. 2018) (noting that the fact that the defendant acted consistent with normal video-retention policies weighed against a finding of bad faith).

[7] The question of whether to impute to named parties a failure by nonparties to preserve evidence is especially fraught in prisoners' rights cases because prisoners have limited channels to request the preservation of evidence, and a prison itself cannot be sued

court therefore abused its discretion by silently denying Wall's objections where the magistrate judge's reasoning amounts to guesswork and the underlying factual record is incomplete. *Cf. Bailey v. Christian Broad. Network*, 483 F. App'x 808, 811 (4th Cir. 2012) (per curiam) (remanding where the magistrate judge failed to expressly rule on critical issues related to discovery sanctions, and the district court summarily overruled the plaintiff's objections without explanation, as the "record [was] insufficient to permit meaningful judicial review").

Second, the magistrate judge erred in requiring Wall to produce evidence that "the defendants purposefully disposed of any video recordings in an effort to prevent their use at trial." J.A. 1223. Under Rule 37(e), when "electronically stored information that should have been preserved . . . is lost because a party failed to take reasonable steps to preserve it," then "upon finding prejudice to another party from loss of the information," the court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P.

---

under 42 U.S.C. § 1983. *See Fauconier v. Clarke*, 966 F.3d 265, 279–80 (4th Cir. 2020) ("[W]hereas 42 U.S.C. § 1983 permits suit against 'every person' who deprives an individual of his or her rights under color of state law, neither States nor state officials acting in their official capacities constitute 'persons' within the meaning of the statute when sued for monetary relief."). Such an inquiry is necessarily fact intensive. *See Adkins v. Wolever*, 692 F.3d 499, 505–06 (6th Cir. 2012) (denying a request to impute the failure to preserve video evidence to an individual prison guard who had no control over its preservation but noting that the issue should be considered "on a case-by-case basis"); *Boone v. Everett*, 751 F. App'x 400, 402 (4th Cir. 2019) (per curiam) (focusing on an officer's independent knowledge and actions in affirming the denial of spoliation sanctions for loss of video evidence); *cf. Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591–92 (4th Cir. 2001) (sanctioning a plaintiff for spoliation after the destruction of physical evidence, even though the plaintiff was not the owner of the evidence, did not "control it in a legal sense," and did not personally destroy the evidence). A fact-intensive inquiry is therefore required to resolve the spoliation issues raised in this case, which include notice, duty, and imputation. This endeavor should be undertaken by the district court in the first instance.

13

37(e)(1). Accordingly, only a finding of prejudice is required for such not-greater-than-necessary sanctions. But where the spoliator "acted with the intent to deprive another party of the information's use in the litigation," the court may "presume that the lost information was unfavorable to the party," "instruct the jury that it may or must presume the information was unfavorable to the party," or "dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2). Thus, only the most severe sanctions necessitate the finding that the magistrate judge required here—"that [Defendants] acted with the intent to deprive [Wall] of the [videos'] use in . . . litigation." *Id.*

To be sure, Wall's motion did not clearly state whether he was seeking sanctions under Rule 37(e)(1) or (2). But he *did* clearly seek remedies that included not only a default judgment or adverse inference, but also an instruction precluding Defendants from arguing that the "contents of the video corroborated the Defendants' version of events." J.A. 115. Given the liberal construction we afford pro se filings, the magistrate judge should have considered not only the propriety of severe sanctions under Rule 37(e)(2), but also the possibility of more moderate sanctions under Rule 37(e)(1). *See* Oral Arg. at 50:10–50:53, https://www.ca4.uscourts.gov/OAarchive/mp3/21-6553-20220503.mp3 (Wall's counsel suggesting potential sanctions under Rule 37(e)(1), such as an instruction that Defendants could not use the curated videos to credit the officers' testimony, or a ruling that the judge would not use the absence of video evidence against Wall). However, nothing in the magistrate judge's order indicates that she considered these lesser sanctions, allocated the burden of demonstrating prejudice, or made any factual findings regarding prejudice. *See* Fed. R. Civ. P. 37(e)(1) (requiring a finding of prejudice); *id.* advisory committee's note to

14

2015 amendment ("The rule does not place a burden of proving or disproving prejudice on one party or the other. Determining the content of lost information may be a difficult task in some cases, and placing the burden of proving prejudice on the party that did not lose the information may be unfair.").

Because our review of the record suggests that factual and legal issues essential to a reasoned spoliation analysis were left unresolved by the magistrate judge and district court, we remand for the district court to address these issues in the first instance. *Cf. Blue Sky Travel & Tours, LLC v. Al Tayyar*, 606 F. App'x 689, 698 (4th Cir. 2015) (unpublished but orally argued) (remanding a spoliation claim to the district court where the magistrate judge employed an incorrect standard, and the district court left unresolved two issues that were "essential to the spoliation analysis"). Upon remand, the district court should conduct a full hearing on the spoliation issues or designate the magistrate judge to do so. We express no opinion regarding the appropriate disposition of Wall's motion.

## II.

For the aforementioned reasons, we vacate the order of the district court entering judgment to Defendants and remand for a hearing on Wall's objections to the denial of spoliation sanctions, and for any other proceedings the district court deems appropriate.

*VACATED AND REMANDED WITH INSTRUCTIONS*

15