**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 21-7200**

─────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

ALLAH BURMAN, a/k/a A,

　　　　　Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:01-cr-00115-JKB-5)

─────────

Submitted:  March 30, 2023　　　　　　　　　Decided:  June 28, 2023

─────────

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and KEENAN, Senior Circuit Judge.

─────────

Vacated and remanded by unpublished per curiam opinion.

─────────

Allah Burman, Appellant Pro Se.  David Ira Salem, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allah Burman appeals the district court's orders denying his motions for compassionate release and denying reconsideration. On appeal, Burman's issues include whether the district court abused its discretion by relying on erroneous factual premises. We vacate the district court's orders and remand for further proceedings.

"A sentencing court may not, as a general matter, 'modify a term of imprisonment once it has been imposed.'" *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). "But a district court may reduce a sentence through a motion for compassionate release." *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)).

We review a district court's decision on a motion for compassionate release for abuse of discretion. *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). "Under this standard, 'this Court may not substitute its judgment for that of the district court.'" *Id*. "A district court abuses its discretion when it acts 'arbitrarily or irrationally,' fails to follow statutory requirements, fails to 'consider judicially recognized factors constraining its exercise of discretion,' relies 'on erroneous factual or legal premises,' or 'commit[s] an error of law.'" *Id*. We review a district court's interpretation of the scope of § 3582(c)(1)(A) de novo. *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). "Only after

2

this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id*.

While there is no policy statement applicable to compassionate release motions filed by defendants, meaning that "district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction," the policy statement applicable to BOP-filed motions "remains helpful guidance even when motions are filed by defendants." *United States v. McCoy*, 981 F.3d 271, 282-83 & n.7 (4th Cir. 2020); *Hargrove*, 30 F.4th at 194. Moreover, while "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence," because 28 U.S.C. § 2255 is the exclusive remedy for that, it may be used to argue "that a change in the sentencing law that occurred after [the sentencing] (but did not apply retroactively) merit[s] a reduction in [the sentence] to conform to that change." *Ferguson*, 55 F.4th at 270-72; *McCoy*, 981 F.3d at 286 (finding "the severity of the defendants' § 924(c) sentences and the extent of the disparity between [them] and those provided for under the First Step Act" were "permissibly treated as 'extraordinary and compelling reasons' for compassionate release").

"The factors applicable to the determination of what circumstances can constitute an extraordinary and compelling reason for release from prison are complex and not easily summarized." *Hargrove*, 30 F.4th at 197. "[T]he inquiry is multifaceted and must take into account the totality of the relevant circumstances." *Id*. at 198.

"When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce

3

compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances—when sufficiently extraordinary and compelling—than to society's interests in the defendant's continued incarceration and the finality of judgments." *Id*. at 197. "Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other." *Id*.

"In any event, if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). "Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)).

This Court presumes that the district court sufficiently considered relevant factors in deciding a § 3582(c)(1)(A) motion. *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021). "Although a district court is not required to address each of a defendant's arguments for a reduced sentence, just how much of an explanation is required depends upon the narrow circumstances of the particular case." *Id.* at 170. "[T]he touchstone in assessing the sufficiency of the district court's explanation must be whether the district court set forth enough to satisfy our court that it has *considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Hargrove*, 30 F.4th at 199 (internal quotation marks omitted).

4

We limit our review to issues raised in the informal brief, 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014), and will not generally consider issues raised for the first time on appeal, *United States v. Herrera-Pagoada*, 14 F.4th 311, 318 (4th Cir. 2021). But, we may consider an issue that was not raised in the district court "where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice." *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993). We must liberally construe pro se filings. *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022).

We have reviewed the record and conclude that the district court abused its discretion by relying on at least one erroneous factual premise in both of its orders denying Burman's motions for compassionate release and his pro se motion for reconsideration. We further conclude that the error was not harmless.

Burman was indicted for and convicted by the jury of conspiracy to distribute five kilograms or more of cocaine and possession with intent to distribute 500 grams or more of cocaine, and he was originally sentenced in 2003 to 360 months in prison. In Burman's first direct appeal, we affirmed his convictions but remanded for resentencing under *United States v. Booker*, 543 U.S. 220 (2005). At his resentencing, the district court confirmed and accepted the findings and calculations in the presentence report and determined that a sentence of 360 months, at the bottom of his advisory Guidelines range, was appropriate based on its consideration of the factors under 18 U.S.C. § 3553(a). The court also found that Burman was subject to an enhanced penalty due to the Government's 21 U.S.C. § 851 notice, but the enhancement did not ultimately affect his sentence, because it was within the statutory penalties that would apply without the § 851 enhancement. The district court

5

entered an amended judgment on May 19, 2006 (PACER No. 164), and we affirmed that judgment. *See United States v. Burman*, 225 F. App'x 198 (4th Cir. 2007).

Burman's advisory Guidelines range was 360 months to life based on a total offense level of 42 and criminal history category III. Specifically, based on trial testimony, he was held responsible for 15 to 50 kilograms of cocaine, making his base offense level 34; and he had a two-level enhancement for possessing a firearm, a four-level enhancement for being a leader or organizer, and a two-level enhancement for obstructing justice.

In 2017, the district court denied Burman's motion for a sentence reduction based on Amendment 782, because even though his base offense level was reduced to 32, his advisory Guidelines range was still 360 months to life. In 2019, the district court denied his motions under the First Step Act of 2018, which were predicated on First Step Act § 401. Specifically, Burman argued his § 851 enhancement was no longer valid, because his predicate prior conviction was not a serious drug felony. The district court denied his motions based on the reasons stated by the Government, i.e., that First Step Act § 401 was not retroactive, and First Step Act § 404 did not apply, based on his offenses of conviction.

In 2021, Burman filed two pro se motions for compassionate release; and after the district court appointed him counsel, counsel filed a motion on his behalf. Burman argued the court should grant him compassionate release due to an alleged disparity between the sentence he received and the one he would receive if sentenced today; due to him no longer being subject to the § 851 enhancement; and due to an allegedly unwarranted disparity between his sentence and those of his co-defendants. The Government opposed the motion.

6

The district court denied Burman's motions for compassionate release. The court recognized, based on the data presented by Burman, that his sentence was above average in terms of its length, but the court found that it need not conclusively determine whether his long sentence qualified as an extraordinary and compelling reason for compassionate release, because his release was not justified by the § 3553(a) factors. The court began its explanation for why the § 3553(a) factors did not favor his release by stating he participated in a large conspiracy to distribute between 15 and 50 kilograms of cocaine base. The court also stated earlier that he was sentenced for offenses related to an armed bank robbery.

Burman appealed the district court's order and moved for reconsideration, arguing that it included allegations that were not supported by the record, including that he was found guilty of bank robbery. In its order denying Burman's motion for reconsideration, the court acknowledged that he was not convicted of bank robbery but determined that this did not change the court's analysis of the § 3553(a) factors. The court again explained the factors did not favor his release, given his participation in a large conspiracy to distribute between 15 and 50 kilograms of cocaine base, his possession of a firearm in connection with the offense, his prior convictions, and his disciplinary record while incarcerated.

On appeal, Burman again contends the district court abused its discretion because its orders were based on facts that were not supported by the record, including not only that he was convicted of armed bank robbery, but also that he participated in a conspiracy to distribute 15 to 50 kilograms of cocaine base. Although the court corrected its error in stating that Burman was convicted of bank robbery, we agree with Burman that the court abused its discretion in relying on the erroneous factual premise that he participated in a

7

conspiracy to distribute 15 to 50 kilograms of cocaine base.  We further conclude that this error was not harmless.  If he were responsible for 15 to 50 kilograms of cocaine base rather than cocaine, his Guidelines range under the current Sentencing Guidelines would be life in prison; and the error therefore affects the court's analysis of the § 3553(a) factors.

Accordingly, we vacate the district court's orders and remand for reconsideration and further proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*