**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1645

NICHOEL HILL, Individually, and as mother and next friend of her minor child, child doe; WILLIAM HILL, Individually, and as father and next friend of his minor child, child doe,

Plaintiffs - Appellants,

v.

DETECTIVE JASON HUNT, #5112; BALTIMORE COUNTY, MARYLAND; BALTIMORE COUNTY POLICE DEPARTMENT; STATE OF MARYLAND; CHASITY TECOLA RANDALL; KATHRYN A. CAWTHON; PARKVILLE NAZARENE CHRISTIAN DAYCARE, INC.; BRIANNA CARULLO,

Defendants - Appellees,

and

BALTIMORE COUNTY DEPARTMENT OF SOCIAL SERVICES; BALTIMORE COUNTY CHILD ADVOCACY CENTER; MARYLAND DEPARTMENT OF HUMAN SERVICES; MARYLAND CHILD PROTECTIVE SERVICES; MICHELLE CHUDOW,

Defendants.

No. 22-1701

NICHOEL HILL, Individually, and as mother and next friend of her minor child, child doe; WILLIAM HILL, Individually, and as father and next friend of his minor child, child doe

Plaintiffs - Appellants,

v.

DETECTIVE JASON HUNT, #5112; BALTIMORE COUNTY, MARYLAND; BALTIMORE COUNTY POLICE DEPARTMENT; STATE OF MARYLAND; CHASITY TECOLA  RANDALL; KATHRYN A. CAWTHON; PARKVILLE NAZARENE CHRISTIAN DAYCARE, INC.; BRIANNA CARULLO,

        Defendants - Appellees,

  and

BALTIMORE COUNTY DEPARTMENT OF SOCIAL SERVICES; BALTIMORE COUNTY CHILD ADVOCACY CENTER; MARYLAND DEPARTMENT OF HUMAN  SERVICES;  MARYLAND  CHILD  PROTECTIVE  SERVICES; MICHELLE CHUDOW,

        Defendants.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge.  (1:20−cv−03746−CCB)

---

Submitted:  February 9, 2023                  Decided:  July 13, 2023

---

Before DIAZ, Chief Judge, WYNN, Circuit Judge, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** David C.M. Ledyard, LEDYARD LAW LLC, Baltimore, Maryland, for Appellants.  Brian E. Frosh, Attorney General, Elise Kurlander, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees States of Maryland, Chasity Randall, and Kathryn A. Cawthon. Bradley J. Neitzel, Assistant County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellees Baltimore County, Baltimore County Police Department, and Detective Jason Hunt.  Stephen S. McCloskey, Matthew J. McCloskey, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Appellee Parkville Nazarene

2

Christian Daycare.

_____

Unpublished opinions are not binding precedent in this circuit.

3

PER CURIAM:

Nichoel and William Hill, individually and as next friend of their minor child, filed this suit against various individual, county, and state defendants, alleging violations of their federal constitutional, state constitutional, and state law rights in relation to the 2018 arrest of Nichoel Hill (Ms. Hill). The Hills appeal the district court's order granting motions to dismiss filed by the Baltimore County Police Department (BCPD), BCPD Detective Jason Hunt, Baltimore County, Maryland, the State of Maryland, Baltimore County Department of Social Services (DSS) Investigator Chasity Randall, DSS supervisor Kathryn Cawthon, Parkville Nazarene Christian Daycare, Inc. (Parkville Daycare), and former Parkville Daycare employee Brianna Carullo. The Hills also appeal the district court's order denying their motion to file a second amended complaint, denying their motion to reconsider, and denying their request to remand their state law claims to the Baltimore County Circuit Court. We affirm.

We review de novo the district court's order granting the defendants' motions to dismiss, *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 268 (4th Cir. 2022), "accept[ing] as true all well-pleaded facts in [the] complaint and constru[ing] them in the light most favorable to the plaintiff," *Lucero v. Early*, 873 F.3d 466, 469 (4th Cir. 2017) (citation omitted). We employ this same standard when, as here, the district court denies a motion to file a second amended complaint on the grounds that such amendments would be futile. *U.S. ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014).

Reconsideration, on the other hand, "is an 'extraordinary remedy,' to be used 'sparingly,' available on only three grounds: 1) an intervening change in controlling law;

4

2) previously unavailable evidence; or 3) to correct a clear error of law or prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (citation omitted). We review the district court's denial of the Hills' motion for reconsideration for abuse of discretion. *U.S. ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 206 (4th Cir. 2017).

We also review for abuse of discretion the district court's exercise of supplemental jurisdiction. *PEM Entities LLC v. Franklin County*, 57 F.4th 178, 181 (4th Cir. 2023). "A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *Wall v. Rasnick*, 42 F.4th 214, 220 (4th Cir. 2022) (citation omitted).

Upon review of the parties' briefs and the record, we find no reversible error in the district court's: (1) determination that probable cause existed to arrest Ms. Hill, (2) dismissal of the Hills' negligence and gross negligence claims, (3) determination that the Hills' proposed amendments would have been futile, (4) determination that the court did not commit a "clear error of law" or a "manifest injustice" when it considered a document attached to the defendants' motion to dismiss, *JTH Tax*, 984 F.3d at 290, and (5) exercise of supplemental jurisdiction over the Hills' related state law claims under 28 U.S.C. § 1367(a).

Accordingly, we affirm the district court's orders granting the defendants' motions to dismiss, denying the Hills' motion to file a second amended complaint, denying the Hills' motion for reconsideration, and denying the Hills' request to remand their previously dismissed state law claims. We dispense with oral argument because the facts and legal

5

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*