**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-6021**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ALLEN PATTERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:17-cr-00114-RAJ-DEM-1)

Submitted:  August 30, 2023                    Decided:  October 3, 2023

Before WYNN and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Richard Allen Patterson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Allen Patterson appeals the district court's order denying his motion to dismiss his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). In his motion, Patterson also sought the return of certain seized property. The court denied Patterson's motion, finding that it was unable to grant relief on a motion to dismiss when there was no matter currently pending before the court.

On appeal, Patterson argues that the court erred in declining to consider either his challenge to his firearm conviction or his request for the return of his seized property. It is axiomatic that pro se filings should be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022); *see Castro v. United States*, 540 U.S. 375, 381-82 (2003) (noting that federal courts will sometimes "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion" for various reasons, including avoiding "inappropriately stringent application of formal labeling requirements"). We conclude that, here, the district court erred in failing to liberally

construe Patterson's motion and denying the motion solely because Patterson styled it as a motion to dismiss.[*]

Accordingly, we vacate the district court's order to the extent it pertains to Patterson's challenge to his conviction and his request that his property be returned to him and remand for further proceedings. We affirm the remainder of the order. We deny Patterson's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

> *AFFIRMED IN PART,*
> *VACATED IN PART,*
> *AND REMANDED*

---

[*] Because "this Court is a court of review, not of first view," *Fusaro v. Cogan*, 930 F.3d 241, 263-64 (4th Cir. 2019) (internal quotation marks omitted), we do not address the merits of Patterson's claims.