**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-6186**

DEANDRE JOHNSON,

Petitioner - Appellant,

v.

CHADWICK DOTSON,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:20-cv-00474-RAJ-LRL)

Submitted:  August 12, 2024                    Decided:  August 15, 2024

Before NIEMEYER and KING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Deandre Johnson, Appellant Pro Se.   Liam Alexander Curry, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deandre Johnson appeals from the district court's final order and judgment adopting the magistrate judge's report and recommendation and dismissing his 28 U.S.C. § 2254 petition. We previously granted a certificate of appealability on the following issue: Whether the magistrate judge's finding that Johnson's ineffective assistance of appellate counsel claims were unexhausted and procedurally defaulted is debatable or wrong. After further briefing, we vacate the district court's final order and judgment and remand for further proceedings.

The Commonwealth asserts that Johnson never raised his ineffective assistance of appellate counsel claims in the district court. But the record does not bear this out. After Johnson filed his § 2254 petition, he moved on May 19, 2021, to supplement the petition by incorporating the state habeas petition. (Doc. 11).[*] The state habeas petition, filed in the Supreme Court of Virginia, included the ineffective assistance of appellate counsel claims, which the court proceeded to decide on the merits. In the motion to supplement, Johnson added claims that appellate counsel was ineffective by: (1) presenting claims on direct appeal that were not raised in the trial court; (2) refusing to remove himself; and (3) failing to raise the following issues that were raised in the trial court: (a) the prosecution did not exclude defendant's theory that he never penetrated the victim and his DNA would be absent from the victim's vagina; (b) the victim's testimony was inherently incredible; (c) the trial court refused to admit material impeachment evidence, violating

---

[*] "Doc." citations are to entries on the district court's docket.

2

*Chapman v. California*, 386 U.S. 18 (1967); (d) the prosecution knowingly presented false testimony, violating *Napue v. Illinois*, 360 U.S. 264 (1959); (e) the offense of assault and battery is the lesser included offense of strangulation; and (f) the prosecution failed to show the defendant had the necessary specific intent. (Doc. 11 at 2). The magistrate judge granted Johnson's motion to supplement and acknowledged that Johnson was seeking to add additional ineffective assistance of counsel claims. (Doc. 24).

On November 8, 2021, Johnson moved to amend his § 2254 petition, expanding on his ineffective assistance of appellate counsel claims raised in his May 19, 2021, motion to supplement. Of relevance to this appeal, Johnson claimed appellate counsel was ineffective for not arguing on appeal that the evidence did not exclude Johnson's defense that he entered the victim's apartment with the intent to reconcile. (Doc. 25 at 2-3). The magistrate judge granted the motion to amend. (Doc. 46). Because the magistrate judge granted the motion to supplement and the motion to amend, Johnson's ineffective assistance of counsel claims were before the district court.

The Commonwealth further asserts that even if Johnson raised the ineffective assistance of appellate counsel claims in the district court, he fails to seek a certificate of appealability or present argument on the issue, and did not timely respond to the magistrate judge's report and recommendation. But this assertion lacks merit. In his informal brief, Johnson asserted that his ineffective assistance of appellate counsel claims were properly exhausted and demonstrated when these claims were presented to the Supreme Court of Virginia.

3

Inmates are generally provided the benefit of the mailbox rule, which considers prisoner court filings to be "filed" as of the date that the documents are given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022) (applying "mailbox rule" to objections to report and recommendation). We conclude that Johnson timely objected to the magistrate judge's report and recommendation. The report and recommendation was dated June 14, 2022. Johnson's objections were dated June 21, 2022, within the 14-day period to file timely objections.

The Commonwealth also addresses the merits of Johnson's claims, asserting that the Supreme Court of Virginia's decision was not contrary to or an unreasonable application of federal law. This Court may "disturb the state court's ruling if it (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burr v. Jackson*, 19 F.4th 395, 403  (4th Cir. 2021) (quoting 28 U.S.C. § 2254(d)).

But the Commonwealth did not address the merits of Johnson's ineffective assistance of appellate counsel claims in the district court. Although we "may affirm judgments on alternative grounds to those relied upon by a lower court, this contemplates that the alternative ground shall first have been advanced in that court, whether or not there considered." *Skipper v. French*, 130 F.3d 603, 610 (4th Cir. 1997) (citation omitted).

4

While we may consider issues raised for the first time on appeal in exceptional circumstances, this is not one of those cases. *Id.* Because Johnson exhausted his ineffective assistance of appellate counsel claims when the Supreme Court of Virginia addressed those claims on the merits, the district court should be the first to address them. *Id.* at 614.

Accordingly, for the reasons given above, the judgment of the district court is vacated and the case remanded for proceedings consistent with this opinion. We deny Johnson's motion for equitable tolling and to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*