**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6676**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TENNYSON HARRIS, a/k/a Teddy, a/k/a Mark T,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge.  (8:00-cr-00253-PJM-3)

_____

Submitted:  October 23, 2023                 Decided:  October 31, 2023

_____

Before NIEMEYER, KING, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Tennyson Harris, Appellant Pro Se.  David Ira Salem, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tennyson Harris appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). "A sentencing court may not, as a general matter, 'modify a term of imprisonment once it has been imposed.'" *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). "But a district court may reduce a sentence through a motion for compassionate release." *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)).

We review a district court's denial of a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "'In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion.'" *Id*. "Under this standard, 'this Court may not substitute its judgment for that of the district court.'" *United States v. Bethea,* 54 F.4th 826, 832 (4th Cir. 2022). We review a district court's interpretation of the scope of § 3582(c)(1)(A) de novo. *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id*.

2

"The factors applicable to the determination of what circumstances can constitute an extraordinary and compelling reason for release from prison are complex and not easily summarized." *Hargrove*, 30 F.4th at 197. "[T]he inquiry is multifaceted and must take into account the totality of the relevant circumstances." *Id*. at 198. While "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence," a defendant may argue in a compassionate release motion "that a change in the sentencing law that occurred after [sentencing] (but did not apply retroactively) merit[s] a reduction in [the sentence] to conform to that change." *Ferguson*, 55 F.4th at 270-72; *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020).

"When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances—when sufficiently extraordinary and compelling—than to society's interests in the defendant's continued incarceration and the finality of judgments." *Hargrove*, 30 F.4th at 197. "[M]otions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other." *Id*.

"In any event, if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). "Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of

3

imprisonment." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)).  In determining whether a district court abused its discretion in weighing sentencing factors, "it weighs against an abuse of discretion—and is viewed as 'significant'—when the same judge who sentenced the defendant rules on the compassionate release motion." *Bethea*, 54 F.4th at 834.  Moreover, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020).

We presume that a district court sufficiently considered relevant factors in deciding a § 3582(c)(1)(A) motion.  *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021). "Although a district court is not required to address each of a defendant's arguments for a reduced sentence, just how much of an explanation is required depends upon the narrow circumstances of the particular case." *Id.* at 170.  "[T]he touchstone in assessing the sufficiency of the district court's explanation must be whether the district court set forth enough to satisfy our court that it has *considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Hargrove*, 30 F.4th at 199 (internal quotation marks omitted).

We limit our review to issues raised in the informal brief, 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014), and will not generally consider issues raised for the first time on appeal, *United States v. Herrera-Pagoada*, 14 F.4th 311, 318 (4th Cir. 2021) (citing *United States v. Muth*, 1 F.3d 246, 250 (4th Cir. 1993)).  But, we may consider an issue that was not raised in the district court in very limited circumstances "where refusal to consider the newly-raised issue would be plain error or would result in a fundamental

4

miscarriage of justice." *Muth*, 1 F.3d at 250.  We liberally construe pro se filings.  *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022).

We have reviewed the record and Harris' issues on appeal, and we find no reversible error by the district court.  The district court considered Harris' arguments, concluded that he failed to demonstrate extraordinary and compelling reasons for compassionate release, and sufficiently explained its decision.  On appeal, Harris fails to show any error or abuse of discretion by the district court.  The district court did not act arbitrarily or irrationally; it followed the statutory requirements; and it conducted the necessary analysis.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*